

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FERRON COFIELD,

    Petitioner,

v.                                     Civil Action No. 3:13CV828

DIRECTOR OF THE DEPARTMENT
OF CORRECTIONS,

    Respondent.

**MEMORANDUM OPINION**

Ferron Cofield, a Virginia state prisoner proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his August 10, 2011 probation revocation. Respondent moves to dismiss, inter alia, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Although Respondent provided Roseboro[1] notice, Cofield has not responded. The matter is ripe for disposition.

**I.    PROCEDURAL HISTORY**

**A.    State Proceedings**

Between 1997 and 2011, the Circuit Court of the City of Virginia Beach ("Circuit Court") convicted Cofield of at least four drug offenses. Cofield also repeatedly violated the terms

---

[1] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

of his probation imposed in conjunction with the suspended sentences for these convictions.

Most relevant to the instant § 2254 Petition, on August 23, 2011, the Circuit Court found Cofield in violation of his terms of probation, and ordered Cofield to serve the six years and four months remaining on his sentence. Commonwealth v. Cofield, Nos. CR-97-2306, CR00-1418, at 1-2 (Va. Cir. Ct. Aug. 23, 2011); (§ 2254 Pet. 2.).[2] Cofield filed no appeal.

On August 23, 2012,[3] Cofield filed a petition for a writ of habeas corpus in the Circuit Court. Petition for Writ of Habeas Corpus at 8, Cofield v. Dir. of the Dep't of Corr., No. CL12-4637 (Va. Cir. Ct. filed Aug. 23, 2012). On November 26, 2012, the Circuit Court dismissed the petition. Cofield v. Dir. of the Dep't of Corr., No. CL12-4637, at 1-6 (Va. Cir. Ct. Nov. 26, 2012). Cofield filed no appeal of this decision.

---

[2] The Revocation Order fails to specify the length of the remaining portion of the sentence. Cofield represents that the remaining sentence was six years and four months. (§ 2254 Pet. 2.)

[3] The Circuit Court date stamped Cofield's petition filed on August 28, 2012. Respondent concedes that Cofield placed his petition in institutional mail on August 23, 2012, and utilizes that date as the date for filing under Va. Sup. Ct. R. 3A:25 ("Timely filing of a paper by an inmate . . . may be established by (1) an official stamp of the institution showing the paper was deposited in the internal mail system on or before the last day for filing . . . .").

2

B.  **Federal Habeas Petition**

On November 19, 2013, Cofield filed his § 2254 Petition in this Court. (§ 2254 Pet. 14.)[4] In his rambling § 2254 Petition, the Court construes Cofield to raise the following claims for relief:

| | |
|---|---|
| Claim One: | Counsel rendered ineffective assistance when she failed to raise "potential affirmative defenses of insanity by reason of irresistible impulse and settled insanity." (Br. Supp. § 2254 Pet. 4, ECF No. 1-1.)[5] |
| Claim Two: | Counsel "[sh]ould've challenged the violation on mitigating factors, such as my mental health issues" on appeal. (Id.) |
| Claim Three: | Counsel rendered ineffective assistance by not adequately representing Cofield and by not fully presenting Cofield's explaining substance abuse issues and mental illness to the Circuit Court. |

## II.  ANALYSIS

A. **Statute Of Limitations**

Respondent contends that the federal statute of limitations bars Cofield's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244

---

[4] The Court employs the pagination assigned to the § 2254 Petition by the CM/ECF docketing system.

[5] The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

3

to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

4

## B. Commencement Of The Statute Of Limitations Under 28 U.S.C. § 2244(d)(1)(A)

Cofield's judgment became final on Thursday, September 22, 2011, when the time to file a notice of appeal expired. See Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:6(a).[6] Cofield filed his state habeas petition on August 23, 2012. At the time of filing, 335 days of the limitation period had expired.

## C. Statutory Tolling

The statute of limitations was tolled from the filing of Cofield's state habeas petition on August 23, 2012, until the Circuit Court dismissed the petition on November 26, 2012. Cofield had thirty days remaining in which to timely file his § 2254 Petition. Cofield failed to file his § 2254 Petition until November 19, 2013, nearly one year after the expiration of the limitation period. Thus, the statute of limitations bars Cofield's § 2254 Petition, unless he demonstrates entitlement to either a belated commencement of the limitation period under 28

---

[6] The rule states in relevant part: "No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, counsel files with the clerk of the trial court a notice of appeal . . . ." Va. Sup. Ct. R. 5A:6(a).

5

U.S.C. § 2244(d)(1)(B)-(D) or equitable tolling. Neither Cofield nor the record suggests any plausible basis for equitable tolling or a belated commencement of the limitation period.[7]

### III. CONCLUSION

Accordingly, Respondent's Motion to Dismiss (ECF No. 13) will be granted. The § 2254 Petition will be denied and the action will be dismissed.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Cofield is entitled to further consideration in this matter. A COA will therefore be denied.

---

[7] At most, where the § 2254 Petition form inquires as to the timeliness of the petition, Cofield states: "I had to file a Petition for Writ of Habeas Corpus in the state, in order to exhaust my state remedies before I could file a federal Writ of Habeas Corpus." (§ 2254 Pet. 14 (capitalization corrected).)

6

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Cofield and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: November 25, 2019